IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:23-CV-0013-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) City of Stockton; and (2) State of California. See ECF No. 1, pg. 2. Plaintiff's complaint is brief and incoherent. Plaintiff's first claim is merely a string of disjointed sentences regarding an incident involving a "RAVID [sic] DOG." See id., pg. 3. Plaintiff's second claim includes sporadic references to Covid-19, the Paradise wildfire, and the "911 twin towers." See id., pg. 4. The Court is not able to discern from the pleading the facts that Plaintiff believes give rise to his legal claims, or what those legal claims are.

## II. DISCUSSION

Plaintiff's complaint suffers from a number of defects. First, Plaintiff has not alleged sufficient facts to establish the liability of the City of Stockton. Second, the State of California is immune from suit under the Eleventh Amendment. Third, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8.

### A. **Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials

1  under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.
2  397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of
3  the actions of its employees or officers. See id. To assert municipal liability, therefore, the
4  plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
5  custom of the municipality. See id.
6        In this case, though Plaintiff names the City of Stockton as a defendant, Plaintiff
7  has not alleged that any policy or custom of this entity resulted in a deprivation of Plaintiff's
8  rights. Plaintiff will be provided leave to amend.

9      **B.**    **Eleventh Amendment Immunity**

10       The Eleventh Amendment prohibits federal courts from hearing suits brought
11 against a state both by its own citizens, as well as by citizens of other states. See Brooks v.
12 Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition
13 extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't
14 of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th
15 Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state
16 agency for purposes of the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782
17 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).
18       Here, Plaintiff cannot proceed against the State of California, which is immune
19 from suit.

20     **C.**    **Rule 8**

21       As explained above, Rule 8 requires that a complaint contain a short and plain
22 statement of the plaintiff's claim which provides fair notice to the defendants. Here, Plaintiff's
23 complaint, which is rambling and often times incoherent, fails to meet this standard and, as a
24 result, the Court is unable to discern the nature of Plaintiff's claims. Plaintiff will be provided an
25 opportunity to amend.
26 / / /
27 / / /
28 / / /

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, Plaintiff is not entitled to leave to amend as to such claims.  Plaintiff, therefore, now has the following choices: (1) Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the Court will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

/ / /

/ / /

/ / /

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE